OPINION
Defendant-appellant Michael McCoy appeals from the denial of his petition for post-conviction relief. His petition was originally denied without a hearing, but we reversed that judgment, and remanded the matter for a hearing on an issue involving a recanting witness.
McCoy contends that the trial court erred by not considering the recantation. We conclude that the trial court did not fail to consider the recantation, but properly assigned it negligible weight, in view of the fact that the witness who gave an affidavit recanting his trial testimony testified, at the hearing on the petition, that the statements in his affidavit were false, and his testimony at trial was true. Because we find no error, the judgment of the trial court is Affirmed.
 I
McCoy was charged with Felonious Assault as a result of a shooting in 1992. He was convicted in 1993, after a jury trial, and was sentenced accordingly. His direct appeal from his conviction and sentence resulted in an affirmance. State v. McCoy (February 2, 1994) Clark App. No. 3033, unreported.
In 1997, McCoy petitioned for post-conviction relief, setting forth three claims. The trial court denied his petition, without a hearing. McCoy appealed. We reversed the denial of his petition, and remanded this cause for a hearing on the issue made out by an affidavit of James White, the person at whom the shots were allegedly fired, in which he averred that his testimony identifying McCoy as his assailant was untrue, and further averred that his testimony resulted from the combination of police coercion and White's having been high on drugs at the time of the shooting. State v. McCoy (July 10, 1998), Clark App. No. 97-CA-0118, unreported.
Following a hearing, the trial court again denied McCoy's petition for post-conviction relief. From the denial of his petition, McCoy appeals.
 II
McCoy's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED WHEN THEY FILED THE RECORD FOR APPEAL WITHOUT ISSUING THE APPELLANT A COPY OF SAID TRANSCRIPTS.
McCoy forwarded to the Clark County Clerk of Courts on or about August 17, 1999, a document styled "In the Common Pleas Court of Clark County, Ohio" and bearing both the trial court and appellate court case numbers, in which he, as the signator, purported to order the court reporter to prepare a complete transcript of the original trial, as well as the post-conviction hearing, and to forward one copy to the court of appeals, and one copy to McCoy. This document was filed in the court of appeals on August 20, 1999.
By entry dated November 4, 1999, we pointed out to McCoy that it was his duty to make financial arrangements to have the proceedings transcribed. McCoy then filed a motion, November 23, 1999, requesting that we order the preparation of the transcript of the post-conviction relief hearing at the State's expense, and he filed a financial disclosure and affidavit of indigency form with his motion. By entry dated November 2, 1999, we sustained his motion, and ordered the preparation and filing of a transcript of the post-conviction relief hearing. This transcript, in two parts, was filed on April 3, 2000.
In his First Assignment of Error, McCoy appears to be complaining that he was not sent a copy of the transcript. We have reviewed our orders, and we note that we did not order that a copy be sent to McCoy. Therefore, the Clark County Clerk of Courts is not in violation of any order of this court. Furthermore, McCoy's "First Assignment of Error" does not set forth any claim of error by the trial court.
If McCoy had moved, prior to the submission of this appeal for decision, that a copy of the transcript of the post-conviction relief petition be forwarded to him, for his use in briefing this appeal, we would have considered his motion. However, he did not do so, but, instead, filed his brief on the merits.
In any event, McCoy's First Assignment of Error sets forth no claim of error by the trial court, and it is therefore overruled.
 III
McCoy's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED BY NOT CONSIDERING THE RECANTED TESTIMONY BY JAMES WHITE.
We have reviewed the entire transcript of the post-conviction relief hearing, in which McCoy testified for himself, and James White and Felicia Lawson testified for the State. Both Lawson and White had testified in McCoy's original trial, identifying him as the shooter.
White testified that he had not been threatened by McCoy, on McCoy's behalf, but that he had, nevertheless, been afraid of McCoy when he gave McCoy his affidavit, recanting his trial testimony, while he and McCoy were both inmates at the Madison Correctional Facility. White also testified that he thought that McCoy had served enough time for the offense.
Most importantly, White testified, unequivocally, that his trial testimony was true, and that the averments in his affidavit conflicting with that testimony — specifically in which he averred that McCoy was not the shooter — were false.
In view of White's testimony at the post-conviction relief hearing, not to mention Lawson's testimony, in which she again identified McCoy as the shooter, the trial court properly found that there was no basis upon which to disturb McCoy's conviction and sentence.
McCoy's Second Assignment of Error is overruled.
 IV
Both of McCoy's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 _____________________ FAIN, J.
BROGAN and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).